**U.S. Department of Justice**

***Leah B. Foley***
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

August 19, 2026

Daniel J. Gaudet
Carney, Gaudet & Carney
20 Park Plaza, Suite 614
Boston, MA 02116

Re: United States v. Sven Ljaamo
Criminal No. 25-cr-10204-DJC

Dear Attorney Gaudet:

The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Sven Ljaamo ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure ("Rule") 11(c)(1)(C):

1. Change of Plea

Defendant will plead guilty to Counts One and Two of the Indictment: receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1) (Count One); possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) (Count Two). Defendant admits that Defendant committed the crimes specified in these counts and is in fact guilty of each one.

2. Penalties

Defendant faces the following mandatory minimum and maximum penalties. As to Count One, incarceration for minimum 5 years and up to 20 years, supervised release for 5 years to life, a fine of $250,000, a mandatory special assessment of $100, restitution, forfeiture, and income-dependent assessments of $5,000 (pursuant to 18 U.S.C. § 3014) and $35,000 (pursuant to 18 U.S.C. § 2259A). As to Count Two, incarceration for up to 20 years, supervised release for 5 years to life, a fine of $250,000, a mandatory special assessment of $100, restitution, forfeiture, and income-dependent assessments of $5,000 (pursuant to 18 U.S.C. § 3014) and $17,000 (pursuant to 18 U.S.C. § 2259A).

Defendant understands and acknowledges that as a consequence of Defendant's conviction

for the crime to which Defendant is pleading guilty, Defendant will be required to register as a sex offender, and to keep that registration current, in the place where Defendant resides, where Defendant is employed, and where Defendant is a student, pursuant to the Sex Offender Registration and Notification Act, and the laws of the state of Defendant's residence. Failure to do so may violate the terms of Defendant's supervised release and subject Defendant to new criminal charges pursuant to 18 U.S.C. § 2250.

3. Rule 11(c)(1)(C) Plea

In accordance with Rule 11(c)(1)(C), if the Court accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any part of this Plea Agreement, the U.S. Attorney may void the agreement and/or Defendant may withdraw from it. Defendant may not withdraw Defendant's plea for any other reason.

Should the U.S. Attorney void the agreement and/or Defendant moves to withdraw Defendant's guilty plea, Defendant agrees to waive any defenses based upon statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act for all charges that could have been brought as of the date of this Plea Agreement.

4. Sentencing Guidelines

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 25:

a) The offenses charged are grouped for purposes of determining Defendant's total "offense level," and Count One carries the highest offense level of the offenses charged (USSG §§ 3D1.2, 3D1.3(a));

b) Defendant's base offense level is 22, because Defendant received material involving the sexual exploitation of a minor (USSG § 2G2.2(a)(2));

c) Defendant's offense level is decreased by 2, because Defendant's conduct was limited to the receipt of material involving the sexual exploitation of a minor and Defendant did not intend to traffic in or to distribute such material (USSG § 2G2.2(b)(1));

d) Defendant's offense level is increased by 2, because the material involved a prepubescent minor or a minor who had not attained the age of 12 years (USSG § 2G2.2(b)(2));

e) Defendant's offense level is increased by 2, because the offense involved the use of a computer (USSG § 2G2.2(b)(6));

f) Defendant's offense level is increased by 4, because the offense involved at least 300 images, but fewer than 600 (USSG § 2G2.2(b)(7)(C));

g) Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation. Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility, and may be released from the parties' agreed-upon disposition in Paragraph 5 if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime(s) to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5. Agreed Disposition

The parties agree on the following sentence:

a) incarceration for 60 months;

b) 60 months of supervised release;

c) a special assessment of $5,000 pursuant to 18 U.S.C. § 3014, unless the Court finds that Defendant is indigent;

d) a special assessment of up to $35,000 pursuant to 18 U.S.C. § 2259A, unless the Court finds that Defendant is unable to pay;

e) a mandatory special assessment of $200, which Defendant must pay to the Clerk of the Court by the date of sentencing;

f) restitution to be determined at the time of sentencing; and

g) forfeiture as set forth in Paragraph 7.

Defendant agrees that all criminal monetary penalties, including special assessment, restitution, forfeiture, and/or fine imposed shall be due and payable immediately, and further agrees that any Court-ordered repayment schedule does not preclude further enforcement or collection by the United States.

6. Waiver of Appellate Rights and Challenges to Conviction or Sentence

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case

and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) Defendant will not challenge Defendant's conviction on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) Defendant will not challenge Defendant's sentence, including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

The U.S. Attorney agrees not to appeal the imposition of the sentence agreed to by the parties in paragraph 5.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.

Defendant is agreeing to give up these rights in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

7. Forfeiture

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:

a. one white Apple iPhone with a sticker reading, "Dr. Sven Ljaamo 161 Allen Rd Billerica MA 01821-5245 518-837-6255";

b. one HP laptop, Serial No. CND2010324;

c. one Easy Store external hard drive, Serial No. WX62AA1F8XZC;

d. one Google Pixel Fold with a sticker reading, "Dr. Sven Ljaamo 161 Allen Rd Billerica MA 01821-5245 518-837-6255";

e. one HP desktop computer, Serial No. 2MO05225ZS;

f. one HP Envy desktop, Serial No. MXX5460C62;

g. one My Cloud Home device, Serial No. WCC4M0VUAR76;

h. one Apple iPhone 14 ProMax, IMEI 357183965597522;

i. one Google Pixel 9 Pro XL, IMEI 351582852339599;

j. one Apple iPhone, Serial No. C6KQD3MAGRYH;

k. one My Cloud Home device, Serial No. WX32D518Y0RE;

l. one Seagate external hard drive, Serial No. NA05KCZ8; and

m. one WD external hard drive, Serial No.WX51A59K8X46.

Defendant admits that these assets are subject to forfeiture on the grounds that they contain any visual depiction described in sections 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18 and/or were used or intended to be used to commit or to promote the commission of such offense. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding.

If the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or has had any legal or beneficial interest. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney. Defendant agrees that the United States Department of Probation may share any financial information about the Defendant with the United States Attorney's Office.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

8. Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

9. Breach of Plea Agreement

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

10. Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

11. Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

* * *

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Sandra Gonzalez Sanchez.

Sincerely,

LEAH B. FOLEY
United States Attorney

By: ______________________________
ANNE PARUTI
Chief, Major Crimes Unit
MARK GRADY
Deputy Chief, Major Crimes Unit

______________________________
SANDRA GONZALEZ SANCHEZ
Assistant U.S. Attorney

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the mandatory minimum and maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

Sven K. Ljaamo
Defendant

Date: 27 AUG 2026

I certify that Sven Ljaamo has read this Agreement and that we have discussed what it means. I believe Sven Ljaamo understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

Daniel J. Gaudet
Attorney for Defendant

Date: 8-27-26